FILED
DEC - 2 2002
U.S. BANKRUPTCY COURT
BY_____DEPUTY

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 01-55536-C |
| | § | |
| PURE ENERGY GROUP, INC. | § | |
| | § | |
| Debtor | § | CHAPTER 11 |

### ORDER CONFIRMING DEBTOR'S
### SECOND AMENDED PLAN OF REORGANIZATION

On November 25 and 26, 2002, the Court considered the Debtor's Second Amended Plan of Reorganization (a true and correct copy of which is attached hereto as Exhibit "A" and is incorporated herein by reference) originally filed by Debtor on September 19, 2002, amended on October 18, 2002 and again on October 29, 2002 (hereinafter referred to as the "Plan"). The Court determined that, pursuant to Bankruptcy Rule 2002, a true and correct copy thereof was transmitted to all creditors, parties-in-interest, and other parties filing notices of appearance in this Case. The Court made certain Findings of Fact and Conclusions of Law set forth in a separate document entitled Findings of Fact and Conclusions of Law for Confirmation Hearing on Debtor's Second Amended Plan of Reorganization. After hearing the evidence adduced, the argument of the parties, and the pleadings on file in this case, this Court hereby **ORDERS, ADJUDGES and DECREES** that:

Based on the foregoing findings of fact, and pursuant to Section 1129, it is **ORDERED** that the Plan, as modified by this Order, shall be, and it is hereby, in all things confirmed. The modifications to the Plan are as follows:

The Plan has been modified at the confirmation hearing as follows:

    1.    The word "nonsecured" in paragraph C. Class 4 on page 9 is modified to read "nonrecourse;"

2. The fourth sentence of the second full paragraph on page 13 shall be amended to read as follows: "In order to compromise and buy peace, Debtor has agreed to pay One Riverwalk Place, c/o Trammel Crow Company, the sum of Fifty Thousand Dollars ($50,000.00) as a Class 5 Creditor."

3. The Internal Revenue Service (hereinafter "IRS") requested to make non-material modifications of the treatment of its Claim or Plan as follows:

   a. The Debtor must file corporate income tax returns (Form 1120) for the years 2000 and 2001, as well as payroll tax returns (Form 941) for the second and third quarters of 2002.

   b. The definition of "Tax Claim" in Article I, paragraph 1.37 shall be amended to include priority claims, as defined in 11 U.S.C. §507(8) of the Bankruptcy Code, secured tax claims that are secured by Notices of Federal Tax Liens, administrative tax claims, and all penalty and interest related to tax claims.

   c. The definition of "Revested Debtor" in Article I, paragraph 1.32 shall be amended to provide that all assets are conditionally revested in the Debtor so that if the Case were converted to a Chapter 7, all remaining assets would be revested in the Chapter 7 estate.

   d. The Plan shall be amended to provide that the IRS's Administrative Claim for post-petition taxes in the amount of Six Thousand, Three Hundred Twelve and 96/100 Dollars ($6,312.96) as of March 27, 2002, as well as any accrued post-petition taxes, penalty, and interest for such period and other post-petition periods shall be paid in accordance with the requirements of Section 1129(a)(9)(A) within thirty (30) days of the Effective Date of the Plan.

e. The IRS's Secured Claim in Class 2 shall accrue interest at nine percent (9%) from Confirmation Date through the date of payment. Payment shall be due on or before January 15, 2003.

f. The annual installments of the IRS's Class 3 Claim shall be due and payable on or before December 15, 2003, and December 15, 2004, in order to provide a date certain for payment.

g. Article VII, paragraph 7.01.02 providing for discharge of governmental claims, unfair labor practice claims, and environmental claims shall be modified to provide that governmental claims should not be discharged unless they could have been known or discovered prior to Confirmation.

h. The Plan shall be amended to provide that no responsible officer liability under the Internal Revenue Code shall be discharged by the Plan.

i. The following default language shall be deemed to be inserted in the Plan as to the IRS Claims:

(1) That the debt owed by the Debtor to the IRS is a non-dischargeable debt, except as otherwise provided for in the Bankruptcy Code, and that if the Debtor should default, the IRS is not subject to the provisions of the Bankruptcy Code so that the IRS can take whatever actions are necessary to collect said debt in the event of default;

(2) A failure by the Debtor to make a payment to the IRS pursuant to the terms of the Plan shall be an event of default; as to the IRS, there is an event of default if payment is not received by the date certain as described in the Plan, amendments thereto, or Order Confirming Plan; if there is a default to IRS, the IRS must send written demand for payment to the Debtor and said payment must be received by the IRS within fifteen (15) days

of the date of the demand letter; the Debtor can receive up to one (1) notice of default from the IRS; however, on the second notice of default from the IRS, if the second default cannot be cured, and the IRS may accelerate its Allowed Claim(s), past or future, and declare the outstanding amount of such Claim(s) to be immediately due and owing, and pursue any and all available state and federal rights and remedies; and

(3) The IRS is bound by the provisions of the Confirmed Plan and is barred under Section 1141 from taking any collection action against the Debtor for pre-petition Claims during the duration of the Plan (provided there is no default as to the IRS). The period of limitations on collection remains suspended under 26 U.S.C. §6503(h) for tax periods being paid under the Plan and terminates on the earlier of (1) all required payments to the IRS have been made; or, (2) 30 days after the date of a demand letter (described above) for which the Debtor failed to cure the default.

4. The charter of the Debtor shall be amended to prohibit the issuance of non-voting equity securities in accordance with Bankruptcy Code §1123(a)(6).

It is further, ORDERED that this Order Confirming Debtor's Second Amended Plan of Reorganization is stayed until 5:00 p.m. on December 3, 2002, in accordance with Bankruptcy Rule 3020(e).

SIGNED this _2nd_ day of _Dec_, 2002.

_____
UNITED STATES BANKRUPTCY JUDGE

Return copy to:
William H. Oliver
PIPKIN, OLIVER & BRADLEY, L.L.P.
1020 N.E. Loop 410, Suite 810
San Antonio, Texas 78209
Telephone: (210) 820-0082